IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KALE PENNEL, )
)
          Petitioner, )
)
vs. ) Case No. 10-CV-204-TCK-FHM
)
FRANK CANTEY, Sheriff, )
)
          Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 12). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 15) to the motion to dismiss. For the reasons discussed below, the Court finds that the claims raised in the petition are procedurally barred. Therefore, the motion to dismiss shall be granted and the petition shall be dismissed.

*BACKGROUND*

The record demonstrates that on December 8, 2009, Petitioner Kale Pennel was convicted in Mayes County District Court, Case No. CF-2008-191, on his plea of guilty of Manufacture of controlled Dangerous Substance and was sentenced to seven (7) years imprisonment. See Dkt. # 13, Ex. 1. He did not file a motion to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On January 22, 2010, Petitioner filed an application for appeal out of time. See Dkt. # 1, attachment. By order filed February 12, 2010, the state district denied the application. See Dkt. # 13, Ex. 1. Petitioner appealed to the OCCA. See Dkt. # 13, Ex. 2. On appeal, Petitioner argued that he had received ineffective assistance of counsel and that his Fourth Amendment rights were

violated during execution of the search warrant. Id. By order filed March 16, 2010 (Dkt. # 13, Ex. 3), the OCCA declined jurisdiction and dismissed the attempted appeal.

Petitioner filed the instant habeas corpus action on April 2, 2010 (Dkt. # 1). In his petition, Petitioner raises one (1) ground of error, as follows:

> Ground 1: Illegal search and seizure.
> The supporting facts show that the defendant, Kale Pennel, was never showed [sic] or served a valid search warrant for the residence in which he was in attendance of [sic].

(Dkt. # 1). In the motion to dismiss (Dkt. # 12), Respondent argues that Petitioner's claim should be dismissed as procedurally barred.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). It appears that Petitioner's claim was raised in his post-conviction application requesting an appeal out of time and is, therefore, exhausted. The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, Petitioner is not entitled to an evidentiary hearing. Williams v. Taylor, 529 U.S. 420 (2000).

### B. Procedural Bar

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from

federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, Petitioner first raised his habeas claim in his post-conviction application for an appeal out of time. After the state district court denied relief, the OCCA imposed a procedural bar on Petitioner's claims and dismissed the appeal because Petitioner failed to file his petition in error within thirty (30) days of the entry of the district court's order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 13, Ex. 3. The OCCA specifically cited to Rule 5.2(C) as authority for the procedural bar. See id.

The OCCA premised its dismissal of the post-conviction appeal on an independent and an adequate state procedural ground. The procedural bar was based an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002) (finding that failure to comply with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (same). Therefore, federal habeas corpus review of Petitioner's claim is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if his claim is not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change

3

in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In response to the motion to dismiss, Petitioner asserts that "procedures were bypassed by the respondents to deter the petitioner from receiving review of his federal constitutional claims which entailed and entertwined [sic] themselves within the evidences against said petitioner and the requirement of set liberties granted him as an United States citizen." See Dkt. # 15. Specifically, he claims that when he filed his application at the OCCA, he "did in fact mail his brief in support to said court at the same time for which he mailed and filed his application." See id., attached supporting brief. He also cites the "mailbox rule" in support of his claim that his paperwork was timely filed at the OCCA. Id.

Petitioner has not provided any evidence demonstrating that he mailed his petition in error along with a request to proceed *in forma pauperis* in a timely manner. Furthermore, the OCCA does not recognize the prisoner mailbox rule. See Moore v. Gibson, 27 P.3d 483 (Okla. Crim. App. 2001). The record reflects that the petition in error, accompanied by a motion to proceed *in forma pauperis*, was not filed at the OCCA until March 1, 2010, or more than thirty (30) days after entry of the district court's order denying relief. See Dkt. # 13, Ex. 2. Petitioner has made only conclusory, unsupported allegations that state officials somehow interfered in the delivery of his post-conviction paperwork. Petitioner's unsupported allegations are insufficient to demonstrate that some objective factor, other than his own actions, impeded his efforts to comply with the state

procedural rules. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crime for which he was convicted. Therefore, he does not fall within the fundamental miscarriage of justice exception.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the claim raised in the petition for writ of habeas corpus is procedurally barred. Respondent's motion to dismiss shall be granted and the petition shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 12) is **granted**.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **dismissed**.

3. A separate judgment shall be entered in this case.

DATED THIS 8th day of March, 2011.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE